**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

2011 APR -4 PM 3: 53

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| JEFFREY A. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE JB TOOL, DIE & | ) |
| ENGINEERING, INC., | ) |
| | ) |
| Defendant. | ) |

CASE NO. **1 1 1 C V 1 1 3** *RLM*

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against Defendant as follows:

1.  The Plaintiff is Jeffrey A. McCoy, a qualified employee with a serious health condition, that constituted a disability/perceived disability/record of impairment. Mr. McCoy has been a resident of DeKalb County, Auburn, Indiana, at all material times to this Complaint.

2.  The Defendant is The JB Tool, Die & Engineering, Inc. The Defendant is a company doing business at 1509 Dividend Road, Fort Wayne, Indiana 46808. The Defendant is an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), and ERISA §510.

3.  The Plaintiff filed his Charge of Discrimination, EEOC No. 470-2010-03568, on or about September 16, 2010, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on January 13, 2011, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted, and all

jurisdictional prerequisites have been met for the filing of this suit.

4.  During the Plaintiff's employment with the Defendant, he suffered from a serious health condition affecting his thyroid, and during 2010, he additionally suffered from a serious health condition (which may or may not have been thyroid related), which caused Plaintiff to experience severe physical symptoms including feeling of vibrations in his body, shakiness inside, muscle twitches, severe headaches, shoulder pain, difficulty concentrating, and interference with his normal drive for creativity.

5.  In February, 2010, the Plaintiff and a coworker got into a verbal dispute. The Plaintiff attempted to end the argument by instructing the coworker to return to his machine. The coworker escalated his behavior, and threatened to "beat [Plaintiff's] ass", and threatened to have his son beat up the Plaintiff. Fearing for his safety, the Plaintiff warned the coworker that he did carry a gun and would defend himself if forced to do so by a violent attack. Plaintiff, however, refrained from making threats to the coworker, or toward the coworker's son. The dispute ended with the coworker walking away and calling the Plaintiff a "faggot".

6.  The Plaintiff promptly reported the threats to his supervisor and explained that the stress of the incident was making him ill, and informed the supervisor of his serious medical conditions. Plaintiff told the supervisor that he needed to leave work as a result, and asked that the incident be reported to higher management. This was never done, however, and eventually the Plaintiff was informed by other coworkers that the original person that had threatened him, was continuing to make verbal threats to beat up the Plaintiff.

2

7.    On or about April 20, 2010, the Plaintiff met with the Defendant's president, and
      discussed the Plaintiff's concerns and fears over the threats made by his coworker.
      During the meeting, the company president indicated that he had not been alerted to
      any threats, but said he would "look into it". The following day, a second meeting
      was held between the Plaintiff, the company president, and the Plaintiff's supervisor.
      The Plaintiff was informed that nothing had been done about the February threats,
      on the grounds that the company believed that the Plaintiff and the coworker had
      both threatened one another. The Plaintiff protested that he didn't believe their
      representation, since the Plaintiff was never written up, even though the Plaintiff's
      supervisor had told him that the incident would be reflected in the coworker's
      performance evaluation. The Plaintiff also said that he believed that the coworker
      should be disciplined, particularly due to the ongoing nature of the threats. The
      meeting concluded with the Plaintiff stating he thought he needed the advice of an
      attorney, due to management's lack of effective and appropriate action in addressing
      the threats, and Plaintiff's fear for his safety.

8.    The Plaintiff's supervisor informed him on April 22, 2010, that he was supposedly
      "worried about" the Plaintiff, and told the Plaintiff that he was being "let go". No
      explanation was provided.

9.    The Plaintiff alleges that the proffered reason for termination, that the supervisor was
      "worried about" the Plaintiff, was false and pretextual, and that the real reason the
      Defendant fired Plaintiff was to discriminate and/or retaliate against him for his
      disability/perceived disability/record of impairment, in violation of the Plaintiff's

3

federally protected rights under the ADA. In support thereof, Plaintiff notes:

    a.    He was performing within the reasonable expectations of the employer at the time of his termination;

    b.    The employer was aware of the Plaintiff's serious health conditions, and his severe physical symptoms as of at least two (2) months prior to the Plaintiff's termination;

    c.    The Defendant treated similarly situated employees who lacked disabilities/perceived disabilities/records of impairment less harshly as to disciplinary issues and in the handling of employee disputes, as evidenced by the Defendant's decision to retain the threatening employee while terminating Plaintiff, even though the Plaintiff was the victimized employee.

10.    In the alternative, the Plaintiff alleges that he was discriminated and retaliated against and terminated to prevent him from utilizing health insurance benefits that he was entitled to receive under the Defendant's Plan of benefits, in violation of the Plaintiff's federally protected rights under ERISA §510:

    a.    The Plaintiff was performing within the reasonable expectations of the employer at the time of termination;

    b.    The Plaintiff was covered by the Defendant's employee health insurance Plan at the time of termination;

    c.    Prior to the Plaintiff's termination, he had notified the Defendant both of his serious medical condition, and the fact he was having significant health problems such that Defendant knew Plaintiff likely would be incurring

4

considerable medical expense in the near future, in an effort to obtain a full diagnosis, and treatment for his serious health condition and symptoms.

11.     The Defendant's di scriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of his job and job related benefits including income, and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

12.     The Defendant's unlawful, discriminatory, and/or retaliatory conduct was, furthermore, intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and/or ERISA §510. Imposition of punitive damages is appropriate (where available).

WHEREFORE, the Plaintiff respectfully prays for judgment against the Defendant, for compensatory damages, restitution (where available), punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

5

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

Christopher C. Myers, #10043-02

Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:cmyers@myers-law.com
          ismith@myers-law.com
Attorneys for Plaintiff

IMS/mms/js
S:\McCoy, Jeffrey\Pleadings\Complaint.wpd

6

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ■ EEOC | 470-2010-03568 |

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | and EEOC |
|---|---|
| State or local Agency, if any | |

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Jeffrey A. McCoy | (260) 238-3071 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4152 County Road 68 | Auburn, Indiana 46706 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| The JB Tool, Die & Engineering, Inc. | 100+ | (260) 483-9586 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1509 Dividend Road | Fort Wayne, Indiana 46808 | Allen |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE | EARLIEST          LATEST |
| ■ RETALIATION  ☐ NATIONAL ORIGIN  ■ DISABILITY  ☐ OTHER (specify) | Feb. 2010        4/22/10 |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  Complainant is Jeffrey A. McCoy, a qualified employee with a serious health condition that constituted a disability/perceived disability/record of impairment. Complainant alleges that he was discriminated against and retaliated against by the Respondent due to his disability/perceived disability/record of impairment, in violation of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 1211 et seq. ("ADA"). In the alternative, Complainant alleges that he was discriminated against and terminated in order to prevent him from utilizing benefits he was entitled to receive under the Respondent's Plan of benefits, including health insurance benefits, which was in violation of Complainant's rights under ERISA § 510.

II.  Respondent is JB Tool, Die & Engineering, Inc., a company doing business at 1509 Dividend Road, Fort Wayne Indiana 46808. Respondent is an "employer" for the purposes of the ADA, (as well as ERISA § 510).

"continued"

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) Susan C. Neff Resident of Adams County   My Commission Expires: 4/7/2016 |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. Date: 9-16-10   Charging Party (Signature) | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Date, month, and year) 16th of September, 2010 |

EEOC FORM 5 (Rev. 3/01)

Exhibit A

Charge of Discrimination

Re:    Jeffrey A. McCoy

Page 2


III.    During Complainant's employment by the Respondent, Complainant suffered from a serious health
condition affecting his thyroid gland.  In addition, during 2010, Complainant suffered from a serious health
condition (which may or may not have been thyroid related), which caused him to experience severe
physical symptoms such as a feeling of vibrations in his body, shakiness inside, muscle twitches, severe
headaches, shoulder pain, difficulty concentrating and interference with him normal drive for creativity.
Prior to Complainant's separation from employment on April 22, 2010, he underwent a number of tests and
doctor visits in an effort to clarify the cause and determine the treatment for these symptoms, but no
definitive solution was identified at that time.  He informed the Respondent of the thyroid condition and the
physical symptoms in February 2010 when they were speaking about a threat Complainant received from a
coworker.

IV.    On or about February 2010, the Complainant and a coworker got into a verbal dispute over different sizes
of parts. The Complainant tried to end the argument by telling the coworker (Glen Williamson) to go back to
his machine.  However, the coworker escalated his behavior and threatened to "beat (Complainant's) ass".
Williamson then told the Complainant "I'll get my boy to beat your ass".  Complainant became fearful for his
safety due to this these threats, so he warned the coworker that he did carry gun, to discourage further
threats and to alert Williamson that Claimant would defend himself if forced to do so by a violent attack.
Complainant did not however make any threats to Williamson or about the son.  Williamson then ended
their conversation, by walking away and calling the Complainant a "faggot".

V.    Complainant promptly reported the threats to his supervisor Greg Christoffel and explained that the stress
of the incident, essentially, was making him ill due to his health condition(s).  Complainant told Christoffel
that he needed to leave work as a result, an asked Christoffel to report the incident to higher management.
This wasn't done however, and eventually, Complainant was informed by coworkers that Glen Williamson
was continuing to threaten to beat up Complainant.

V.    On or about April 20, 2010 Complainant met with company President Rick Zorger, after Complainant's shift
ended, and discussed Complainants concerns about the threats from Williamson.  During the meeting
Zorger indicated he had not been alerted to the threats that Williamson had made to Complainant in
February, but said he would "look into it".  The next day, after Complainant's shift ended,  a second meeting
was held, between Complainant, Zorger and Christoffel.  They informed Complainant that they did nothing
about the February incident with Williamson, because they believed Complainant and Williamson had each
made verbal threats to one another.  Complainant protested that he didn't believe they really thought this,
since Complainant was never written up, though Christoffel told Complainant that the incident would be
reflected in Williamson's performance evaluation.  Complainant thought that Williamson should be
disciplined (particularly due to the ongoing threats); the meeting concluded with Complainant stating he
thought he needed the advice of an attorney, given management's lack of adequate action in addressing
Williamson's threats, and Complainant's fear for his safety.

VI.    Complainant met with his supervisor on April 22, 2010, whom told Complainant several times "I'm worried
about you", then informed Complainant that he was being "let go".  No explanation or reason for the super
visor's purported concern about Complainant, nor any other reason for the termination decision, was given.


"Continued"

Charge of Discrimination

Re:    Jeffrey A. McCoy

Page 2

VII.    Complainant alleges that the proffered reason for termination, that the supervisor was "worried about" Complainant, was false and pretextual, and that the real reason he was fired was on the basis of his disability/perceived disability/record of impairment, and not for any lawful or legitimate business reason, in violation of Complainant's federally protected rights under the ADA.

VIII.   (In the alternative, Complainant alleges that the Respondent discriminated against and terminated him to prevent him from utilizing health insurance benefits that he would be entitled to receive under the Respondent's Plan, in violation of Complainant's rights under ERISA § 510.  Complainant notes that the Respondent knew Complainant suffered from a serious medical condition, was having significant problems with his health, and would be incurring considerable medical expense in an effort to further diagnose and treat his serious health condition.)

IX.     Respondent's discriminatory conduct was the direct and proximate cause of Complainant suffering the loss of his job and job-related benefits including income, and subjected Complainant to inconvenience, mental anguish, emotional distress and other damages and injuries.  Complainant alleges that Respondent's discrimionatory conduct furthermore was intentional, knowing, willful, wanton and in reckless disregard of Complainant's federally protected rights under the ADA (and/or ERISA § 510).

_____
Initials

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeffrey A. McCoy<br>4152 County Road 68<br>Auburn, IN 46706 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-03568 | **Michelle D. Ware,**<br>**Enforcement Supervisor** | **(317) 226-5161** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_

**Webster N. Smith,**
**Acting District Director**

JAN 1 3 2011
(Date Mailed)

Enclosures(s)

cc: **David Bear, President**
**JB TOOL, DIE & ENGINEERING, INC.**
**1509 Dividend Road**
**Fort Wayne, IN 46808**

**Christopher C. Myers & Associates**
**c/o Christopher C. Myers**
**809 South Calhoun Street**
**Ste. 400**
**Fort Wayne, IN 46802-2307**

Exhibit
B